CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMETRIUS R. JONES, | ) |
| | ) Civil Action No. 7:05-CV-00529 |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) By: Samuel G. Wilson |
| Respondent. | ) United States District Judge |

Petitioner Demetrius R. Jones has filed this 28 U.S.C. § 2255 motion challenging his 188-month sentence for possession with intent to distribute a mixture or substance containing a detectable amount of ecstacy and five grams or more of a substance containing a detectable amount of cocaine base. Jones claims that his guilty plea was not knowing and voluntary due to the ineffective assistance of counsel; that his conviction was the product of an unlawful search and seizure; that his sentence violated the Ex Post Facto Clause; and that his sentence violated the Fifth, Sixth, and Fourteenth Amendments. This matter is before the court on the Respondent's motion to dismiss. The court finds that Jones knowingly and voluntarily waived his right to collaterally attack his sentence and accordingly grants the respondent's motion to dismiss.

## I.

On November 28, 2001, police officers in Winchester, Virginia had received a tip that Jones would be in Winchester that night, that he was wanted in New Jersey on an outstanding warrant, and that he would be carrying narcotics under the hood of his car. Officers spotted Jones, stopped and arrested him, and searched his vehicle, at which point they discovered crack and ecstacy under his hood wrapped in a "dew rag." Jones was indicted on one count of

possession with intent to distribute a mixture or substance containing a detectable amount of ecstacy and five grams or more of a substance containing a detectable amount of cocaine base. Jones filed a motion to suppress the drugs, but the court denied it. Jones then tendered a guilty plea.

The court conducted a thorough Rule 11 colloquy. Jones indicated under oath that he had discussed the charges against him with his attorney, that he was satisfied with his attorney's representation and advice, that no one had made any promise or assurance to him of any kind in an effort to induce him to plead guilty, that no one attempted to force him to plead guilty, that he understood the charges against him, that his counsel had explained the elements of the offense to which he was pleading, that he understood the offense carried a possible sentence of forty years and carried a mandatory minimum sentence of five years, that he had spoken with his attorney about how the Sentencing Guidelines might apply in his case, that he understood he had the right to plead not guilty, that he was giving up his right to a trial and all rights associated with a trial, that he was waiving his right to collaterally attack his conviction and sentence, and that he was pleading guilty because he was in fact guilty.

The Government then gave a summary of the evidence. In addition to police officer testimony detailing the events of November 28, 2001, the Government proffered lab evidence confirming the quantities and identities of the drugs found under Jones' hood; video from the night of Jones' arrest in which he could be heard saying something to the effect of "oh, s***, somebody told on me" while officers were recovering the drugs from under his hood; DNA evidence linking Jones to the "dew rag" in which the drugs were wrapped; and testimony from a woman who had purchased drugs from Jones on several previous occasions and who would

2

Case 7:05-cv-00529-SGW-mfu   Document 9   Filed 11/23/05   Page 2 of 4   Pageid#: 151

confirm that Jones typically kept the drugs under the hood of his car.

Finding that Jones was fully competent and capable of entering an informed plea and that Jones' guilty plea was knowing and voluntary, the court accepted his plea and later sentenced Jones to 188 months. In his § 2255 petition, Jones claims that his counsel withheld evidence that one of the potential witnesses against him was a drug dealer and would therefore be incredible and that he withheld a tape recording in which someone besides Jones claimed ownership of the drugs. Jones claims that, had he known about the evidence, he would not have entered a guilty plea and would have insisted on going to trial. Jones also raises claims under the Ex Post Facto Clause and the Fourth, Fifth, Sixth, and Fourteenth Amendments.

## II.

A waiver of the right to collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005). Thus, so long as Jones' plea agreement and the accompanying waiver were knowing and voluntary, Jones may not raise his claims in a § 2255 petition. Jones claims, though, that his plea agreement and waiver were not knowing and voluntary due to his attorney's ineffective assistance. In order to prevail, Jones must demonstrate that his attorney's performance was objectively unreasonable and that, were it not for his attorney's omissions, there is a reasonable probability that he would not have entered his guilty plea and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In light of the substantial amount of evidence the Government was prepared to offer against Jones, the court finds that, even had Jones' attorney discussed with him the evidence in question, there is not a reasonable probability that Jones would have foregone his plea in favor of going to trial. Moreover, the court conducted

3

a thorough Rule 11 colloquy. The court conducted all the follow up necessary to assure itself that Jones' plea was knowing and voluntary, and the court's findings were not mere formalisms. The court was and remains satisfied that Jones' plea was a knowing and voluntary plea supported by an independent basis in fact and buttressed by Jones' own affirmation that he was pleading guilty because he in fact was guilty. Against this backdrop, Jones' allegations that his attorney withheld evidence are not "extraordinary circumstances" capable of overcoming the court's findings. See Lemaster, 403 F.3d at 222-23. The court finds Jones' claims that his attorney withheld evidence and that he would have insisted on going to trial to be "palpably incredible and patently frivolous or false." See id. Because Jones' waived his right to collaterally attack as part of a knowing and voluntary plea agreement, the court dismisses his § 2255 petition.

### III.

For the reasons stated, the court grants the respondent's motion to dismiss.

**ENTER**: This 23rd day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

4